UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WIRENIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-2080-G |
| ERICSSON, INC., ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion by the defendant Flextronics Software Systems

Ltd. ("Flextronics") to dismiss the claims against it.  Also before the court are motions

by the defendant Ericsson, Inc. ("Ericsson") (1) to stay pretrial deadlines pending

appearance by new counsel for the plaintiff Wirenix, Inc. ("Wirenix" or "the

plaintiff") and (2) for a protective order.  For the reasons stated herein, this case is

remanded to the state court from which it was removed.  Ericsson's motion to stay is

denied as moot.  Decision of Flextronics' motion to dismiss and Ericsson's motion for

protective order is reserved to the state district court judge on remand.

# I. BACKGROUND

Wirenix filed its original state court petition on April 20, 2006 in the 101st Judicial District Court, Dallas County, Texas, naming Flextronics, Ericsson and Ericsson Radio Systems, AB ("Ericsson Radio") as defendants.  On October 10, 2006, Wirenix, Ericsson, and Ericsson Radio filed a written agreement pursuant to TEXAS RULE OF CIVIL PROCEDURE 11 stating that Wirenix would nonsuit Ericsson Radio without prejudice and agreeing to arbitrate all disputes against Ericsson.  *See* Rule 11 Agreement at 1, *attached to* Defendant's Notice of Removal ("Notice of Removal"), *as* Exhibit C7.  The agreement was signed by counsel for Wirenix, Ericsson, and Ericsson Radio.  In accordance with this agreement, Wirenix nonsuited Ericsson Radio.  *See* Plaintiff's Notice of Nonsuit, *attached to* Notice of Removal, *as* Exhibit C8.

Following the nonsuit of Ericsson Radio, Flextronics removed the state court action to this court under 28 U.S.C. § 1441, alleging federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  *See* Notice of Removal ¶¶ 8-11.  Wirenix is a Delaware corporation with its principal place of business in the State of Texas.  Plaintiff's Original Petition ("Petition") ¶ 3, *attached to* Notice of Removal, *as* Exhibit C2.   Flextronics is a foreign corporation existing under the laws of India with its principal place of business in "India and/or California."  Notice of Removal ¶ 10.  Though Ericsson Radio was nonsuited, Ericsson remains a named defendant in this case.  The petition does not allege

Ericsson's state of incorporation but does state that Ericsson's principal place of business is Texas. Petition ¶ 4. In its notice of removal, Flextronics argues that, despite the lack of complete diversity of citizenship apparent on the face of the petition, federal subject matter jurisdiction exists under 28 U.S.C. § 1332 because Ericsson is an improperly joined party.

On December 5, 2006, the parties filed a joint status report pursuant to a prior order of this court. Docket Sheet. In that joint status report, the parties indicated that Wirenix and Flextronics entered into a tolling agreement with respect to Wirenix's claims against Flextronics and that "Wirenix will file a motion to dismiss its lawsuit against Flextronics without prejudice to the refiling of same" and that the *plaintiff* "will be filing a motion to dismiss its claims against Flextronics and its claims against Ericsson should be remanded." Joint Status Report at 2-3. The joint status report was signed by counsel for each of the parties; at the time, plaintiff's counsel was Mark Nacol ("Nacol").

On December 11, 2006, Nacol filed a motion to withdraw as counsel stating that Wirenix no longer desired his representation. Unopposed Motion to Withdraw as Counsel of Record at 1. The court granted his motion to withdraw on December 12, 2006. The following day, Flextronics filed the instant motion to dismiss with prejudice the claims against it. The crux of Flextronics' argument as to why the claims against it should be dismissed is that the stipulations made in the

joint status report should be binding upon the plaintiff.  No response was filed by Wirenix regarding this motion to dismiss.  On December 13, 2006, Ericsson filed the instant motion to stay deadlines pending appearance of plaintiff's counsel.

On December 18, 2006, the court ordered Wirenix to obtain new counsel and to file a notice of appearance within thirty days of the date of that order.  Wirenix complied with that order by filing its notice of appearance on January 12, 2007.

## II. ANALYSIS

The court does not reach the merits of the instant motions to dismiss, to stay, and for protective order.  Though none of the parties raised a challenge to this court's jurisdiction, it is incumbent upon the federal district courts, which are courts of limit jurisdiction, to question their jurisdiction at all stages of the proceedings.  *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of the judicial proceedings").  Flextronics removed this case from state court without the consent of Ericsson, alleging diversity of citizenship jurisdiction.  For the removal to have been proper and for diversity of citizenship jurisdiction to exist, Ericsson must be an improperly joined party.  See *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 576 (5th Cir. 2004) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper.

- 4 -

Indeed, until the removing party does so, the court does not have the authority to do

more; it lacks the jurisdiction to dismiss the case on its merits.").

A.  Standard for Removal Jurisdiction

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a

State Court of which the district courts of the United States have original

jurisdiction."  Under this statute, "[a] defendant may remove a state court action to

federal court only if the action could have originally been filed in the federal court."

*Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d

1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted).

Removal jurisdiction must be strictly construed, however, because it "implicates

important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th

Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir.

1988).  Furthermore, "any doubts concerning removal must be resolved against

removal and in favor of remanding the case back to state court."  *Cross v. Bankers*

*Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*,

292 U.S. 263, 270 (1934).  The burden of establishing federal jurisdiction is on the

party seeking removal.  *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal

jurisdiction:  (1) the existence of a federal question and (2) complete diversity of

citizenship among the parties.  *See* 28 U.S.C. §§ 1331, 1332.  The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000.  *See* 28 U.S.C. §1332(a).

Typically, whether an action should be remanded to state court must be resolved by reference to the plaintiff's pleading at the time of removal.  *State of Texas v. Alliance Employee Leasing Corporation*, 797 F. Supp. 542, 544 (N.D. Tex. 1992).  If the court can make this determination by reference to the plaintiff's complaint alone, the court need not go further.  However, should a district court need to go beyond the pleadings to assess the propriety of removal, it may do so.  *Id*.

As a general rule, claims filed in state court against multiple defendants cannot be removed to federal court unless all defendants consent to the removal.  *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991).  This unanimous consent rule is applicable in cases of diversity of citizenship jurisdiction as well as cases of federal question jurisdiction.  *Id.*; see also *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 431 F. Supp. 2d 109, 118 (D. Mass. 2006).  There are, however, several exceptions to the unanimity rule.  Removing defendants need not obtain consent from nominal or unnecessary defendants, see *Farias*, 925 F.2d at 871, or from defendants who have not been served at the time of removal, see *Jones v. Houston*

- 6 -

*Independent School District*, 979 F.2d 104, 1007 (5th Cir. 1992). Additionally, removing defendants are not required to procure the consent of improperly joined parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

Here, Flextronics -- the removing defendant -- has alleged only diversity of citizenship jurisdiction. Flextronics claims that Ericsson's consent was not needed to remove and that Ericsson's state of citizenship should not be considered for purposes of subject matter jurisdiction because Ericsson is an improperly joined party.

### 1. *Improper Joinder*

There are two general grounds upon which a court can find that a defendant was improperly joined: (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). In its notice of removal, Flextronics does not allege the existence of fraudulent jurisdictional facts; thus, the court's inquiry is limited to the second part of the fraudulent joinder formula. When confronted with the task of determining if the plaintiff is unable to establish a state claim against the non-diverse party, the district court is to inquire as to "whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that

the plaintiff *might* be able to recover against an in-state defendant." *Smallwood v.*

*Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (emphasis

added), *cert. denied*, 544 U.S. 992 (2005).  Upon the improper joinder inquiry, the

court must resolve all contested issues of fact in favor of the plaintiff.  *Travis v. Irby*,

326 F.3d 644, 648-49 (5th Cir. 2003).  "The burden of persuasion on those who

claim fraudulent joinder is a heavy one." *Id.* at 649.

The Fifth Circuit has articulated two standards through which a district court

may resolve a claim of improper joinder.  First, the district court can apply an

examination similar to FED. R. CIV. P. 12(b)(6).  See *Smallwood*, 385 F.3d at 573.

When conducting this Rule 12(b)(6)-type analysis, the court is to look to the

allegations of the complaint and determine "whether the complaint states a claim

under state law against the in-state defendant."  *Id.*  The second type of improper

joinder standard allows the district court, in its discretion, to conduct a summary

inquiry by piercing the pleadings.  *Id.*  Though district courts have the authority to

conduct this type of summary inquiry, the Fifth Circuit has "caution[ed] that a

summary inquiry is appropriate *only* to identify the presence of discrete and *undisputed*

facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at

573-74 (emphasis added).  Though Flextronics does not identify which of the

relevant improper joinder standards it seeks to have the court apply, the fact that the

notice of removal specifically references documents outside the pleadings leads the

court to conclude that Flextronics wishes to avail itself of the summary inquiry envisioned by the Fifth Circuit.

The crux of Flextronics' argument for a finding of improper joinder is that upon filing the Rule 11 Agreement in state court, Wirenix indicated a desire to abandon or discontinue the actions against the only non-diverse defendant.  Notice of Removal ¶ 13(1).  Citing *Franz v. Wyeth*, 431 F. Supp. 2d 688 (S.D. Tex. 2004), Flextronics urges that the plaintiff abandoned its causes of action against Ericsson "when [Wirenix] executed and filed a Rule 11 Agreement in the State Court Action agreeing to arbitrate its claims against Ericsson, Inc., and further agreeing to stay, abate, and/or dismiss without prejudice Ericsson, Inc. from this action." *Id.* ¶ 13(2).  The Rule 11 agreement reads, "Wirenix agrees that all proceedings against Ericsson in the above reference litigation shall be either stayed or abated, or dismissed without prejudice, as the Court may determine, until arbitration has been completed."  Rule 11 Agreement at 2.

This court does not question the broad holding in *Franz*.  "[W]hen a Plaintiff, at whatever time and for whatever reason, indicates a desire to completely abandon the claims against all non-diverse defendants, those defendants are fraudulently joined, and the case becomes removable at that moment." *Franz*, 431 F. Supp. 2d at 690.  However, the factual distinctions between this case and *Franz* make that holding inapplicable.  In *Franz*, the plaintiff entered into a Rule 11 agreement with

the two non-diverse defendants proposing to *dismiss* the claims against the two non-diverse defendants.  *Id.*  In a footnote, the *Franz* court states, "It is imperative to note that Plaintiffs did not propose to *settle* the claims, but rather to simply terminate them."  *Id.* at 690 n. 1 (emphasis in original).  In the absence of these two defendants, diversity of citizenship jurisdiction would exist.  *Id.* at 690.  The *Franz* court held that because there was no good faith intention on the part of the plaintiff to pursue its claims against the non-diverse defendants, the inclusion of such defendants would be improper.  Here, however, the plaintiff has not chosen to "completely abandon the claims against" Ericsson.  Rather, Wirenix and Ericsson have agreed to arbitrate their dispute.  That Wirenix and Ericsson left it to the state's court discretion as to whether the claims against Ericsson should be dismissed or stayed is not dispositive of the issue as to whether Ericsson is an improperly joined party.  Unlike the situation in *Franz*, the Rule 11 Agreement here indicates that Wirenix is actively pursuing its claims against Ericsson, albeit in an alternative dispute resolution forum.

When the exacting standard by which a court must assess whether a defendant has been improperly joined is applied here, it is readily apparent that Flextronics has not met its heavy burden.  Under the Fifth Circuit's summary inquiry analysis, this court must determine whether there are undisputed facts in the record that would preclude Wirenix from recovering against Ericsson in state court.  Measuring this

standard against the holding in *Franz*, this court inquires as to whether there are undisputed facts demonstrating that Wirenix has completely abandoned its claims against Ericsson.  No such evidence exists in the record.  The only evidence before the court is that Ericsson and Wirenix have agreed to arbitrate their dispute.  However, there is evidence that both Wirenix and Ericsson consider Ericsson to be an active party to the pending litigation.  *See* Joint Status Report at 2-3 (stating "[u]pon dismissal of [Flextronics], Ericsson and Wirenix contend that the case should be remanded"); *id.* at 3 ("Ericsson contends that the court will lack federal subject matter jurisdiction upon the dismissal of Wirenix's claims against Flextronics in this matter").  The analytical maneuvering the parties would have this court engage in is untenable.  To ignore Ericsson's presence for purposes of the unconsented removal and to ignore Ericsson's state of citizenship for the purposes of diversity jurisdiction, while at the same time considering Ericsson's state of citizenship on a subsequent motion to remand, makes no sense.

Accordingly, the court concludes that Flextronics has not sustained its heavy burden of showing that Ericsson is an improperly joined party.  Because Ericsson's consent was necessary for removal and because Ericsson's presence in the case destroys complete diversity of citizenship, the court concludes that it lacks subject matter jurisdiction.  Thus, this case is remanded to the state court from which it was removed.

## III.  CONCLUSION

For the reasons stated above, on the court's own motion this action is

**REMANDED** to the **101st Judicial District Court of Dallas County, Texas**.  The

clerk shall mail a certified copy of this memorandum opinion and order to the district

clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).  Ericsson's motion to stay is

**DENIED** as moot.[*]

Decision of Ericsson's pending motion for protective order and Flextronics'

motion to dismiss is reserved to the judge of the state district court following remand.

**SO ORDERED**.

February 16, 2007.

A. JOE FISH
CHIEF JUDGE

---

[*]        Though not addressed in the analysis, Ericsson filed a motion to stay certain pretrial deadlines pending appearance of plaintiff's counsel.  Prior to the court's resolution of this motion, substitute counsel made his appearance.